UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE COSTANZA<br>    Plaintiff | CIVIL ACTION NO. 11-485<br><br>SECTION "I"<br>JUDGE LANCE M. AFRICK |
| VERSUS | |
| TEXAS ROADHOUSE, INC.<br>    Defendant | DIVISION (3)<br>MAGISTRATE SALLY SHUSHAN<br><br>JURY TRIAL REQUESTED |

**ANSWER AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes defendant, The Centre at Westbank, LLC (erroneously named as Kimco Center at Westbank, LLC d/b/a Kimco Realty Corporation) ("Defendant"), who for answer to the Petition for Damages, as amended by the Supplemental and Amending Complaint for Damages, (the "Complaint, as amended") and the Supplemental and Amending Complaint filed herein by plaintiff, Jane Costanza, respectfully avers as follows:

1.

The allegations set forth in the opening Paragraph and Paragraph I of the Complaint, as amended, are denied for lack of sufficient information to justify a belief therein.

2.

The allegations set forth in Paragraphs II, III, IV, V and the Prayer Paragraphs of the Complaint, as amended, and the Supplemental and Amending Complaint are denied.

**3.**

The allegations set forth in Paragraph I of the Supplemental and Amending Complaint for Damages ("Supplemental Complaint") are simply a statement that the plaintiff desires to have added Kimco Center at Westbank, LLC d/b/a Kimco Realty Corporation to the original Petition for Damages. Although this is nothing more than a statement concerning supplementing or amending the original Petition for Damages, the allegations, if any, are denied to the extent that the naming of Defendant implies that it has any liability to plaintiff.

**4.**

The allegations of Paragraph II of the Supplemental Complaint concern the proper naming of Texas Roadhouse and are not applicable to Defendant, and, as such, require no response from Defendant.

**5.**

The allegations of Paragraphs III and IV of the Supplemental Complaint simply add Defendant to the allegations of Paragraphs II and II of the original Petition for Damages, which, as part of the Complaint, as amended, are denied above (*see* Paragraph 2 of this Answer).

**6.**

The allegations of Paragraph V of the Supplemental Complaint simply re-allege and reassert the claims set forth in the original Petition for Damages, all of which are addressed above (*see* Paragraphs 1 and 2 of this Answer).

AND NOW, for further answer to the Complaint, as amended, Defendant avers the following affirmative defenses:

**7.**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff cannot state a cause of action for which she is entitled to relief for reasons including, but not limited to, being unable to prove each essential legal element of the cause(s) of action asserted.

**8.**

**SECOND AFFIRMATIVE DEFENSE**

The sole and proximate cause of the incident made subject of this lawsuit, alternatively a contributory cause, was the negligence of Plaintiff in failing to act as a reasonable and prudent person, failing to maintain a proper lookout, failing to take appropriate precaution under prevailing circumstances, and/or acting in a manner that directly resulted in the occurrence of the alleged incident. Such acts of negligence on the part of Plaintiff constitute a bar to all recovery herein; or, alternatively such acts of negligence require a reduction of damages in accordance with the principles of comparative fault.

**9.**

**THIRD AFFIRMATIVE DEFENSE**

Only in the event that this Court should find that the Plaintiff sustained damages, which is denied, Defendant specifically and affirmatively pleads failure by Plaintiff to mitigate her damages to the extent that Plaintiff failed to follow the advice of medical providers, failed to return to work when capable or otherwise failed to mitigate the alleged damages.

10.

## FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that, only in the event that this Court should find that the Plaintiff sustained damages and that there was a negligent act or omission for which someone other than the Plaintiff is responsible, which is denied, the fault and/or negligence of a third party or third parties for whom Defendant is not and was not responsible was and is the substantial cause of Plaintiff's alleged injuries and damages and should operate to completely bar recovery against Defendant, or alternatively reduce recovery on a comparative fault basis.

11.

## FIFTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that the injuries that Plaintiff alleges to have been caused by the alleged incident were instead the result of some pre-existing and/or subsequent injury, condition or natural process.

12.

## SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively avers that this proceeding is barred by the applicable prescriptive period.

13.

## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

WHEREFORE, defendant, The Centre at Westbank, LLC, prays that its answer to the Complaint, as amended, be deemed good and sufficient and that after due proceedings are had,

there be judgment in its favor, dismissing this proceeding in its entirety, at Plaintiff's cost, or alternatively reducing recovery on a comparative fault basis.

        Respectfully Submitted:

        PLAUCHÉ MASELLI PARKERSON, LLP

        /s/ *George C. Drennan*
        JOSEPH MASELLI, JR. (#9021)
        GEORGE C. DRENNAN (#28025)
        701 Poydras Street
        Suite 3800 - One Shell Square
        New Orleans, Louisiana 70139
        Telephone: (504) 582-1141
        Facsimile: (504) 582-1172
        E-Mail: *jmaselli@pmpllp.com*
                *gdrennan@pmpllp.com*

        Attorneys for The Centre at Westbank, LLC

## **CERTIFICATE OF SERVICE**

    I do hereby certify that this 11th day of May, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, if they are subscribed, will send a notice of electronic filing to all counsel of record.

        /s/ *George C. Drennan*